# 1IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                     Criminal Action No. 5:14-cr-19-01

GLENN A. MILLER

    Defendant.

## REPORT AND RECOMMENDATION DENYING DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT FOR VINDICTIVE PROSECUTION AND OUTRAGEOUS GOVERNMENT CONDUCT

This matter comes before the Court on Defendant's two pending motions to dismiss. Defendant's first motion is a Motion to Dismiss Superseding Indictment for Vindictive Prosecution, filed on July 22, 2014.[1] Defendant's second motion is a Motion to Dismiss for Outrageous Government Misconduct, filed on August 4, 2014.[2] The United States filed a response to the Motion to Dismiss Superseding Indictment on July 23, 2014[3] and a response to the Motion to Dismiss for Outrageous Government Misconduct on August 11, 2014.[4] Defendant appeared in person and by his counsel Paul J. Harris, Esq., and Shawn L. Fluharty, Esq. The United States (hereinafter "the Government") appeared by Robert H. McWilliams, Esq., in person.

## I. INTRODUCTION

---

[1] Dkt. No. 64.

[2] Dkt. No. 73.

[3] Dkt. No. 65. A supplemental response to Defendant's Dkt.. 64 motion was filed on August 12, 2014. (Dkt. No. 80.)

[4] Dkt. No. 78.

*A. Background*

On April 1, 2014, Defendant was named in four counts of a five count indictment, all of which involve the distribution of controlled substances. On May 6, 2014, Defendant was named in a superseding indictment on three additional distribution counts. Defendant alleges the Government has intentionally misled the Court regarding a material matter of the case and initiated a superseding indictment against Defendant in retaliation to Defendant's previous filing of a Motion to Dismiss for Breach of Non-Prosecutorial Agreement.[5] Defendant now requests this Court to dismiss the charges in the superseding indictment or hold a discovery hearing addressing these issues.

*B. The Motions*

1. Defendant's's Motion to Dismiss Superseding Indictment for Vindictive Prosecution

2. Defendant's Motion to Dismiss for Outrageous Government Misconduct

*C. Recommendation*

I recommend that Defendant's Motion to Dismiss Superseding Indictment for Vindictive Prosecution be **DENIED** because Defendant has failed to show any evidence of vindictiveness, all cases dismissing for vindictiveness were cases brought *after* trial, and the Fourth Circuit allows significant prosecutorial flexibility in pre-trial decisions. I also recommend that Defendant's Motion to Dismiss for Outrageous Government Misconduct be **DENIED** because nothing in the record rises to the "high shock threshold" required by the Fourth Circuit.

**II.     FACTS**

On April 1, 2014, Defendant was indicted on four counts related to the distribution of

---

[5] On August 5, 2014, this Court filed a Report and Recommendation denying Defendant's Motion to Dismiss for Breach of Non-Prosecution Agreement. (Dkt. 75.)

2

controlled substances.[6] On April 15, 2014, Assistant United States Attorney Robert McWilliams Esq., contacted Defendant's counsel, Paul Harris, Esq., about the possibility of a plea bargain for Defendant. Mr. McWilliams, stated, via email, that Defendant's "last three months for distribution" were not charged, but the Government intended to include the distributions as relevant conduct if the Defendant agreed to a guilty plea. Defendant did not agree to plead guilty. Subsequently, on May 6, 2014, Defendant was named in a superseding indictment, charging Defendant in three additional counts with distribution of a controlled substance.

On April 25, 2014, Defendant filed a Motion to Dismiss for Breach of Non-Prosecution Agreement. A hearing for Defendant's Motion to Dismiss for Breach of Non-Prosecution Agreement was held on May 7, 2014. At this hearing, Defendant contended he entered into a non-prosecution agreement with the Government and that he fulfilled his obligation under the agreement. During the hearing, Defendant presented the testimony of Marshall County Drug Task Force Officer Keith McCallen. At one point during Defendant's direct examination of Officer McCallen, Defendant's counsel asked Officer McCallen a series of questions concerning Defendant's actions in assisting in the completion of an undercover buy for the Marshall County Drug Task Force. Defendant's counsel inquired:

> Q. . . . [D]id the accused attempt to contact you by telephone?
> A. He did one buy, yes.
> Q. All right. And did the accused attempt to contact you by telephone?
> A. For the buy?
> Q. At any time after this document was executed.
> A. Yes.
> Q. On how many occasions?

---

[6] A complete factual background to Defendant's arrest and communication with the Marshall County Drug Task Force is detailed in full in the undersigned's Report and Recommendation Concerning Defendant's Motion to Dismiss for Breach of Non-Prosecution Agreement. (Dkt. 75.)

> A. <u>He made one buy, and after that he tried to contact me twice that I recall and he tried to set up a buy</u>. . . .
> Q. But my question is did he contact you via telephone after the agreement was signed and on how many occasions.
> A. Mr. Miller – <u>after those two occasions, he would contact me all the time</u>. He'd see me in a parking lot, hey, I just saw you in the parking lot. <u>There's probably 30 times, but they weren't work related.</u> He would just say, I just seen you here, I just seen you there. So - -
> Q. So probably 30 times, right?
> A. Correct.

(emphasis added).

Prior to the May 7, 2014, hearing, the Government submitted a motion contesting the Defendant's Motion for Breach of Non-Prosecution Agreement. In the Government's motion, they allege that Defendant:

> [M]ade one buy, which is the buy charged against his co-defendant in Count Five of the Indictment. This was a buy of two morphine pills for $40. <u>On approximately two other occasions, he called the agents and said he had a buy set up, but they would have to do it in a few minutes</u>. The agents explained to him that they cannot work that way. They needed more time to do their established buy procedures, where he and his vehicles are searched and a recording device is set up and surveillance is established.
>
> <u>They were never contacted by the defendant again</u>.

(emphasis added).

### III. DISCUSSION

*A. Motion to Dismiss Superseding Indictment for Vindictive Prosecution*

In Defendant's motion, Defendant argues that the superseding indictment "was brought due to the animus against [Defendant] following his filing of the motion to dismiss for breach of non-prosecutorial agreement." Because the Government was aware of Defendant's prior distributions of controlled substances before the original indictments were filed, Defendant contends that the Government's use of the previous uncharged distributions in a superseding indictment is

4

"abundantly clear" evidence of prosecutorial vindictiveness.

The Government argues that Defendant's allegations "are baseless and lack factual support independent of the defendant's own statements." Further, the Government alleges that Defendant's claims are speculative and has failed to allege sufficient facts to permit a discovery hearing in this case.

"To establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." *United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001). If a defendant shows "a realistic likelihood of vindictiveness . . . that shifts the burden to the government to justify its conduct." *Id.* (internal quotation marks omitted). However, "[b]ecause the presumption of vindictiveness must be applicable to all cases presenting the same circumstances, it will rarely, if ever, be applied to prosecutors' pretrial decisions." *Id.* at 315.

"Although prosecutorial decisions must not be made in retaliation against defendants for exercising their legal rights, courts must nonetheless be cautious not to intrude unduly in the broad discretion given to prosecutors in making charging decisions. Indeed, a prosecutor's charging decision is presumptively lawful." *Id.* The United States Supreme Court has held that "[a] prosecutor should remain free before trial to exercise his discretion to determine the extent of the societal interest in the prosecution. The initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." *United States v. Goodwin*, 457 U.S. 368, 369 (1982).

Here, the Government issued a superseding indictment against Defendant after he did not

agree to plead guilty. Furthermore, the superseding indictment was returned far ahead of the scheduled trial. The Fourth Circuit is clear that the facts of this case prevent the burden shifting to the Government. Furthermore, "[a] prosecutor's threat to bring a more severe indictment if the defendant refuses to cooperate does not amount to vindictiveness as long as the defendant, should he refuse to cooperate, is not treated worse than he would have been if no plea bargain had been offered. *United States v. Williams*, 47 F.3d 658, 662 (4th Cir. 1995). As Defendant already concedes, the Government already possessed knowledge of Defendant's additional distributions. Initially, the Government intended to only use those distributions as "relevant conduct" in a plea hearing. Since a plea was not agreed to, the Government charged those distributions in the superseding indictment. The superseding indictment was proper, thus Defendant's motion should be **DENIED**.

### *B. Motion to Dismiss for Outrageous Government Misconduct*

In this motion, Defendant alleges that Mr. McWilliams purposefully "misled the Court" when he wrote in his May 7, 2014, motion contesting the Defendant's Motion for Breach of Non-Prosecution Agreement that only after two other occasions, Defendant never contacted the Marshall County Drugs Task Force Officers again. Defendant claims that testimony in a previous hearing before this Court proves he contacted Marshall County Officers thirty times. Defendant alleges this inconsistency in the record was a deliberate misrepresentation to the Court and "was specifically designed to defeat [Defendant's] Motion to Dismiss."

The Government argues that "[D]efendant's allegations are factually baseless and not supported by any case-law [Defendant's counsel] cites and should be denied." The Government argues that the alleged "misrepresentation" by Mr. McWilliams was not misleading. The

6

Government claims that when the initial motion was created by Mr. McWilliams, the "understanding of the facts [came] from interviewing one of the three agents involved." Further, the thirty additional calls made to Marshall County Drug Task Force Officers were irrelevant to drug buys, thus "even the inaccurate statement was not misleading."

The Fourth Circuit "has a high shock threshold when there is a claim of outrageous government conduct. *United States v. Erwin*, 520 F. App'x 179, 180 (4th Cir. 2013) (internal quotations omitted). The Fourth Circuit has noted:

> [T]he "outrageous conduct" doctrine survives in theory, but is highly circumscribed. As we explained in *United States v. Goodwin,* 854 F.2d 33 (4th Cir.1988), a due process violation may only be found when the conduct at issue "is outrageous, not merely offensive." *Id.* at 37. And as the district court observed, [the Fourth Circuit] has never held in a specific case that the government has violated the defendant's due process rights through outrageous conduct.

*United States v. Hasan*, 718 F.3d 338, 343 (4th Cir. 2013).

Here, Defendant is alleging that Mr. McWilliam's conduct is so outrageous that fundamental notions of fairness have been violated. Defendant is right that the phrase written by Mr. McWilliams that "[The Marshall County Drug Task Force Officers] were never contacted by the defendant again" is factually incorrect. However, the Government is also correct that Defendant only conducted two *relevant* calls to the Officers. There were no misrepresentations to the Court in this case. Only two calls by Defendant were related to drug transactions. Even if the Government's motion was entirely factually incorrect and the Government made no attempt to correct the record, the Government's actions would still not rise to the level of "outrageous conduct," as interpreted by the Fourth Circuit. *Hasan*, 718 F.3d at 343. Thus, Defendant's motion should be **DENIED**.

## IV. RECOMMENDATION

The undersigned recommends that Defendant's Motion to Dismiss Superseding Indictment for Vindictive Prosecution be **DENIED** because Defendant failed to meet his burden to show any evidence of vindictiveness, all cases dismissing for vindictiveness were cases brought *after* trial, and the Fourth Circuit allows significant prosecutorial flexibility in pre-trial decisions. Also, the undersigned recommends that Defendant's Motion to Dismiss for Outrageous Government Misconduct be **DENIED** because nothing in the record is so egregious to warrant an additional hearing.

Because trial is imminent, any party who appears *pro se* and any counsel of record, as applicable, may, within **seven (7) days** after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should be submitted to the District Court Judge of Record. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

DATED: August 13, 2014

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE