**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**UNITED STATES OF AMERICA**,

      Plaintiff,

      v.      **Criminal No. 5:14-CR-19-01**
      Judge Bailey

**GLENN A. MILLER**,

      Defendant.

**ORDER DENYING MOTION TO DISMISS FOR VINDICTIVE PROSECUTION
AND MOTION TO DISMISS FOR OUTRAGEOUS GOVERNMENT CONDUCT**

Pending before this Court is Defendant Glenn A. Miller's Motion to Dismiss Superseding Indictment for Vindictive Prosecution, filed July 22, 2014 [Doc. 64] and Defendant, Glenn A. Miller's Motion to Dismiss for Outrageous Government Misconduct [Doc. 73] and supporting memorandum, filed August 4, 2014 [Doc. 74]. In the first Motion, defendant Miller contends that the Government improperly sought and obtained a superseding Indictment to improperly punish the defendant for raising the alleged violation of a non-prosecution agreement. In the second Motion, the defendant contends that the Government intentionally misled the Court regarding a material matter in a pleading, mandating dismissal of this case.

The Government filed a response to the first Motion on July 23, 2014 [Doc. 65], and the defendant filed a supplemental memorandum on August 1, 2014 [Doc. 72]. The Government filed a response to the second Motion on August 12, 2014 [Doc. 80]. Magistrate Judge Seibert held a hearing on both Motions on August 12, 2014 [Doc. 81].

1

On August 13, 2014, Magistrate Judge Seibert issued his Report and Recommendation Denying Defendant's Motion to Dismiss Superseding Indictment for Vindictive Prosecution and Outrageous Government Conduct [Doc. 85], which recommended denial of both Motions. Thereafter, on August 19, 2014, defendant Miller filed Defendant Glen (sic) A. Miller's Objection to Report and Recommendation Denying Defendant's Motion to Dismiss Superseding Indictment for Vindictive Prosecution and Outrageous Government Conduct [Doc 85] [Doc. 90].

Having reviewed all of the above pleadings and memoranda, as well as the transcript of the August 12, 2014, hearing, this Motion is now ripe for decision.

In his Report & Recommendation, Judge Seibert found: (1) that defendant failed to demonstrate vindictive prosecution; and (2) that the defendant failed to show any actions on the part of the prosecution that would rise to the level of "outrageous conduct." This Court agrees with the Magistrate Judge.

"To establish prosecutorial vindictiveness, a defendant must show, through objective evidence, that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." **United States v. Wilson**, 262 F.3d 305, 314 (4th Cir. 2001), cert. denied, 535 U.S. 1053 (2002), citing **United States v. Goodwin**, 457 U.S. 368, 372 (1982) (to establish vindictive prosecution defendant must show charges were brought "solely to penalize [him] and could not be justified as a proper exercise of a prosecutorial discretion."). See **United States v. Sanders**, 211 F.3d 711, 717 (2d Cir. 2000).

In **Wilson**, the Fourth Circuit stated:

If the defendant is unable to prove an improper motive with direct evidence, he may still present evidence of circumstances from which an improper vindictive motive may be presumed. To invoke such a presumption, a defendant must show that the circumstances "pose a realistic likelihood of 'vindictiveness.'" **Blackledge** [**v. Perry**], 417 U.S. [21,] 27 [(1974)]. By recognizing the possibility of creating a presumption that shifts the burden to the government to justify its conduct, not only is vindictive prosecution deterred, but also defendants are "freed of [the] apprehension of such a retaliatory motivation." **Goodwin,** 457 U.S. at 376. But such a presumption is warranted only when circumstances warrant it for all cases of the type presented. See *id.* at 381. **Because the presumption of vindictiveness must be applicable to all cases presenting the same circumstances, it will rarely, if ever, be applied to prosecutors' pretrial decisions**. *See id.* Because of the broad discretion given prosecutors and the wide range of factors that may properly be considered in making pretrial prosecutorial decisions, "a prosecutor should remain free before trial to exercise [that] broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct." *Id.* at 382. "Thus, a change in the charging decision made *after* an initial trial is completed is much more likely to be improperly motivated than a pretrial decision." *Id.* at 381 (emphasis added). When a presumption of vindictiveness is warranted, the burden shifts to the government to present

3

objective evidence justifying its conduct. See *id.* at 374, 376 n. 8.

Although prosecutorial decisions must not be made in retaliation against defendants for exercising their legal rights, courts must nonetheless be cautious not to intrude unduly in the broad discretion given to prosecutors in making charging decisions. Indeed, a prosecutor's charging decision is presumptively lawful. See **United States v. Armstrong**, 517 U.S. 456, 464 (1996). As the **Armstrong** Court noted:

> A selective-prosecution claim asks a court to exercise judicial power over a "special province" of the Executive. The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal law. . .. As a result, [t]he presumption of regularity supports their prosecutorial decisions and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties. In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.

*Id.* (internal quotation marks and citations omitted). The same may be said of vindictive prosecution claims.

Because of this necessary presumption of prosecutorial regularity, a

presumption of vindictive prosecution, or any other type of selective prosecution, must be supported by a showing sufficiently strong to overcome the presumption of prosecutorial regularity. Indeed, even before a court allows a defendant to have discovery on the government's prosecutorial decisions, the defendant must overcome a significant barrier by advancing objective evidence tending to show the existence of prosecutorial misconduct. The standard is a "rigorous" one. *Id.* at 468. As we summarized the standard more fully in **United States v. Olvis**:

> Just as the standard for ultimately proving a selective prosecution claim is a rigorous one, so too is the evidentiary threshold for obtaining discovery from the government to support such a claim. A significant barrier to discovery is necessary because discovery "imposes many of the costs present when the government must respond to a prima facie case of selective prosecution"; it diverts governmental resources and discloses prosecutorial strategies.

97 F.3d 739, 743 (4th Cir. 1996) (quoting **Armstrong**, 517 U.S. at 464).

262 F.3d at 314-15 (bold emphasis added).

In this case, the defendant falls woefully short of establishing a presumption of vindictive prosecution. The original Indictment in this case charged defendant Miller in four counts alleged to have occurred between June 18, 2012, and October 10, 2012. When this defendant asserted a non-prosecution agreement made in November of 2012, the

5

Government obtained a Superseding Indictment adding three counts allegedly occurring between January 8, 2013 and March 26, 2013 - a time span which would clearly not fall within the ambit of the non-prosecution agreement. This was a legitimate act on the part of the United States Attorney and provides no presumption of vindictiveness.

With respect to the issue of outrageous Government misconduct, this Court simply adopts the Magistrate Judge's finding.

For the reasons stated above, Defendant Glenn A. Miller's Motion to Dismiss Superseding Indictment for Vindictive Prosecution, filed July 22, 2014 [**Doc. 64**] and Defendant, Glenn A. Miller's Motion to Dismiss for Outrageous Government Misconduct [**Doc. 73**] are **DENIED**, the Report and Recommendation Denying Defendant's Motion to Dismiss Superseding Indictment for Vindictive Prosecution and Outrageous Government Conduct [**Doc. 85**] is hereby **ADOPTED**, and Defendant Glen (sic) A. Miller's Objection to Report and Recommendation Denying Defendant's Motion to Dismiss Superseding Indictment for Vindictive Prosecution and Outrageous Government Conduct [Doc 85] [**Doc. 90**] is **OVERRULED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** August 21, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE